**In the Matter of Henry NELSON and Shirley Elizabeth Nelson, Debtors.**

**In the Matter of Michael Gary McDANIEL, Debtors.**

**In the Matter of B.A. (Benny) SINGLETON, Debtors.**

**Bankruptcy Nos. 79–00937, 80–01367 and 81–50193.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Jan. 31, 1983.

Frank M. McKenney, Macon, for Bibb Collection Service, Inc.

Camille Hope, Macon, trustee.

## MEMORANDUM OPINION ON OBJECTIONS TO CLAIMS

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF THE CASE

This Court's standing Chapter 13 trustee has filed in three separate Chapter 13 cases an objection to the postpetition claim of Bibb Collection Service, Inc. (hereinafter Bibb Collection), and the objections are herein consolidated for decision. Debtors Henry Nelson and Shirley Elizabeth Nelson filed their joint Chapter 13 case with this Court on October 4, 1979, and their Chapter 13 plan was confirmed on November 20, 1979. Debtor Michael Gary McDaniel filed his Chapter 13 case with this Court on November 12, 1980, and his Chapter 13 plan was confirmed on January 7, 1981. Debtor B.A. (Benny) Singleton filed his Chapter 13 case on February 18, 1981, and his Chapter 13 plan was confirmed on April 29, 1981.

On May 14, 1982, the standing Chapter 13 trustee filed her objections to certain postpetition claims filed by Bibb Collection in the Singleton case and the Nelson case. On June 2, 1982, the standing Chapter 13 trustee filed her objection to a claim filed by Bibb Collection in the McDaniel case. A hearing on the trustee's three objections was held on June 16, 1982.

After reviewing the evidence and considering the arguments of counsel, the Court is of the opinion that the trustee's objection must be sustained in the McDaniel case and in the Nelson case and overruled in the Singleton case. In support of its conclusion, the Court publishes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

In each of these three cases, the claim filed by Bibb Collection is for medical serv-

ices rendered by the Medical Center of Central Georgia to a minor child of Debtor(s) after the Chapter 13 case was filed. Bibb Collection acts as a collection agent for the Medical Center of Central Georgia and receives a percentage of the sums it collects as compensation for its services.

In the Nelson case, the services rendered by the Medical Center of Central Georgia were related to the birth of a child to Debtors' minor daughter. The claim is for $1,460.85. In the McDaniel case, the service rendered by the Medical Center of Central Georgia was emergency room care for Debtor's five-year-old child. The claim is for forty-six dollars. In the Singleton case, the service rendered by the Medical Center of Central Georgia was emergency room care for the minor daughter of Debtor. The claim is for $209.

## CONCLUSIONS OF LAW

The standing Chapter 13 trustee bases her objection to the claims of Bibb Collection on section 1305 of the Bankruptcy Code, which provides in part that:

> (a) A proof of claim may be filed by any entity that holds a claim against the debtor—
>
> ....
>
> (2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.
>
> (b) Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, ... the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C.A. § 1305(a)(2), (b) (West 1979).

■ If a creditor with a postpetition claim qualifies under section 1305, the claim

is treated the same as a prepetition claim for purposes of proof, allowance, and priority.[1] Thus, the postpetition claim shares the amount distributed under the plan, along with the allowed prepetition claims.

The dispute in these three cases is over what type of postpetition claim should be allowed under the authority of section 1305(a)(2) of the Bankruptcy Code. The basic inquiry before the Court is the interpretation to be given to section 1305(a)(2), which allows postpetition claims for consumer debts incurred for "property or services necessary for the debtor's performance under the plan."

This Court has been unable to find extensive case law interpreting section 1305(a)(2). In considering the section, it is helpful to turn to its legislative history. The legislative history reveals that postpetition claims should be allowed if necessary for the debtor's performance under the plan, and the history gives two examples of the type of claims contemplated by the legislature. The first is repair bills for a debtor's automobile and the second is medical bills.[2]

In its analysis of section 1305(a)(2), Collier on Bankruptcy states:

> The holder of a claim arising out of a "consumer debt" *after the commencement of the chapter 13 case* for property or services necessary for the debtor's performance under the plan is entitled to file a proof of claim. The debtor often encounters unforeseen circumstances which strain a marginal budget to the breaking point during the pendency of the chapter 13 plan. The only alternative to aborting the plan may be to obtain additional credit, such as for automobile repairs or hospital debts ....

5 Collier on Bankruptcy ¶ 1305.01[2][C] (15th ed. 1983) (footnotes omitted).

■ This commentary on section 1305(a)(2) reveals that a postpetition claim

---

**1.** 5 Collier on Bankruptcy ¶ 1305.01[2] (15th ed. 1982).

**2.** *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 427–28 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6383.

may thus be allowed if to pay the debt outside the Chapter 13 plan would "strain a marginal budget to the breaking point." Thus, if a debtor will be forced to abandon his Chapter 13 plan in order to pay *necessary* consumer debts that have arisen after the commencement of the Chapter 13 case, the Court may allow the debtor to pay those debts in the same manner as prepetition debts are paid, provided that the plan still meets the requirements of Chapter 13 of the Bankruptcy Code.

The filing of a postpetition claim by a claimant may require the application of section 1329 of the Bankruptcy Code to modify a confirmed plan. That section provides in pertinent part:

(a) At any time after confirmation but before the completion of payments under a plan, the plan may be modified to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; . . .

. . . .

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C.A. § 1329(a)(1), (2), (c) (West 1979). Since modification of a confirmed plan requires an application by the debtor,[3] a postpetition claim that would require a modification must be disallowed unless the debtor applies for the modification.

When payment of a postpetition claim under a confirmed plan would result in a decrease in the amount to be paid to claimants already participating in the confirmed plan, then the plan must be modified upon application of the debtor. An application by the debtor would also be necessary when payment of a postpetition claim would cause a plan to extend beyond three years, because an extension beyond three years requires court approval, after a showing of cause by the debtor.[4] A postpetition claim may be allowed without application of the debtor only when payment of the claim can be made through the plan without extending the plan beyond three years and without decreasing the amount to be paid to prepetition claimants.

From this analysis of the workings of Chapter 13, it can be seen that in a number of cases it is necessary for the debtor to act if a postpetition claim is to be paid through the plan. If the debtor fails to act, the question then presented is what the options of the claimant are. Collier on Bankruptcy answers the question in the following manner:

There is no requirement that the holder file proof of a postpetition claim under section 1305. The congressional purpose behind section 1305 is to permit the same treatment of certain postpetition credit extended to the chapter 13 debtor as for a prepetition claim for purposes of proof, allowance, and priority. The holder of such a postpetition claim may refrain from filing proof of the postpetition claim, thereby waiving the right to distribution under the chapter 13 plan, in hopes of recovering against the debtor after the closing of the case. A discharge granted in a chapter 13 case would not relieve the debtor of liability on a postpetition claim, unless the debt had been provided for by the plan.

5 Collier on Bankruptcy ¶ 1305.01[2] (15th ed. 1982) (footnotes omitted).

---

**3.** In keeping with the Bankruptcy Code's objective that Chapter 13 be a strictly voluntary provision, only a debtor may modify his Chapter 13 plan. 5 Collier on Bankruptcy ¶ 1329.-01[1] (15th ed. 1980). *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 120 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6080–81.

**4.** If a debtor's plan was extended beyond three years by the Court prior to the filing of the postpetition claim, the debtor will still have to make an application and a showing of cause if allowance of the postpetition claim would require an extension beyond that already approved by the Court.

There is still yet another qualification on the allowance of postpetition claims. Section 1305(c) of the Bankruptcy Code provides:

(c) A claim filed under subsection (a)(2) of this section shall be disallowed if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and was not obtained.

11 U.S.C.A. § 1305(c) (West 1979).

In its analysis of section 1305(c), Collier on Bankruptcy states:

As has been stated, it is often essential to the success of a chapter 13 plan that the debtor be allowed to acquire on credit property or services necessary to enable the debtor to continue performance under the plan. But it is equally important to the success of the plan that the chapter 13 debtor not be allowed to incur unnecessary credit, credit which cannot be repaid or credit incurred on terms prejudicial to other creditors. The chapter 13 trustee is best situated to evaluate these matters. Therefore, a postpetition consumer debt claim is to be disallowed if its holder knew or should have known that it was practicable to obtain the approval of the chapter 13 trustee before the consumer debt was incurred by the debtor and such approval was not obtained. . . .

5 Collier on Bankruptcy ¶ 1305.01[4] (15th ed. 1982) (footnotes omitted).

The Court now turns to the three separate cases before it. The claim of Bibb Collection in the Nelson case is for a $1,460.85 debt owed to the Medical Center of Central Georgia because of the birth of a child to the Nelsons' minor daughter.[5] The Nelsons' Chapter 13 case was filed on October 4, 1979, and was confirmed by the Court on November 20, 1979 as a three-year plan. As a three-year plan, the Nelsons' plan thus runs through November 20, 1982. To allow payment of Bibb Collection's postpetition claim would require the plan to extend beyond November 20, 1982, and since the Nelsons have not applied for an extension of their plan beyond three years, the claim must be disallowed.

In the Singleton case, the plan was confirmed by the Court on April 29, 1981, as a three-year plan, and while the record is not clear, it appears that Bibb Collection's claim of $209 can be accommodated without modifying the plan. The Court therefore turns to the further requirements that must be met if the postpetition claim is to be allowed. Bibb Collection's claim is for emergency medical services rendered to Debtor's minor child. The claim is in the amount of $209.

Because of the emergency nature of the debt, prior approval of the standing Chapter 13 trustee was not practicable and was not obtained. The emergency nature of this claim makes section 1305(c) inapplicable. Thus, this Court must make the determination of whether the debt was "necessary for the debtor's performance under the plan." The pertinent inquiry is whether, if the Court refuses to allow the debt as a postpetition claim, Debtor's budget will be stretched to "the breaking point," thus affecting Debtor's ability to make the payments under his Chapter 13 plan.

Debtor's Chapter 13 statement reveals that Debtor supports a wife and two minor daughters. His estimated monthly expenses include fifty dollars for medical expenses. After paying his expenses and paying the amounts due under his Chapter 13 plan each month, Debtor will have a "cushion" of $31.67 each month to meet unexpected expenses that may arise during the life of his plan. Even assuming that no other medical emergencies arise in Debtor's family, it would take Debtor four months to pay the $209 debt from the fifty dollars per month that Debtor has budgeted for medical expenses. If other medical expenses *do* arise, Debtor's already thin "cushion" may be eaten away.

In light of the above circumstances, the Court is of the opinion that the $209 claim of Bibb Collection must be allowed as a postpetition claim in the Singleton case.

---

**5.** The documents attached to the proof of claim filed by Bibb Collection reveal that $79 was for medical services rendered to Debtor Henry Nelson.

In the McDaniel case, the plan was confirmed by the Court on May 12, 1981, as a twenty-seven-month plan. It appears from the record that Bibb Collection's postpetition claim of forty-six dollars can be accommodated without modification of the plan. The Court next inquires whether the postpetition claim meets the other requirements for allowance.

■ As in the Singleton case, the claim in the McDaniel case is for emergency medical services rendered to Debtor's minor child. The claim is in the amount of forty-six dollars. As in the Singleton case, because of the emergency nature of the claim, prior approval of the standing Chapter 13 trustee was not practicable and was not obtained, thus making section 1305(c) inapplicable. In the McDaniel case, however, the Court is of the opinion that the claim of Bibb Collection may not be allowed as a postpetition claim.

Debtor's Chapter 13 statement reveals that he supports a wife and one child.[6] Debtor's average take-home pay is $766.13, and he estimates his monthly expenses to be $683.66. In Debtor's estimated budget, he allows twenty dollars per month for medical and drug expenses. After paying his monthly expenses and paying sixty-five dollars each month to the standing Chapter 13 trustee, Debtor has a "cushion" each month of $17.47.

In two months, the twenty dollars per month Debtor has allocated for medical expenses would pay almost the entire forty-six-dollar claim of Bibb Collection. This will not unduly strain Debtor and cause him to default in his Chapter 13 plan. The Court also notes that Debtor's estimated expenses include seventy-three dollars per month for TV rental. Sacrifice of that luxury for one month would easily pay the claim of Bibb Collection.

While the claims of Bibb Collection in the Singleton and McDaniel cases are both for emergency medical services provided to a minor child of the debtor, they are for different amounts. The Court is of the opinion that the forty-six-dollar bill for medical services in the McDaniel case is the type of routine medical expense that a debtor should anticipate and be prepared to pay from his budget. However, the $209 bill in the Singleton case is an unanticipated expense for which a debtor may not be prepared.

■ Allowance of postpetition claims must be done on a case-by-case basis. The Court does not encourage the use of the postpetition claim as a way to finance all purchases. However, the Court recognizes that unless debtors are allowed to obtain certain necessary goods and services on credit, their Chapter 13 plans may fail. This Court's standing Chapter 13 trustee, under the authority of section 1305 of the Bankruptcy Code, has authority to monitor postpetition claims to assure that the right of claimants to file such claims is not abused.

6. Debtor's Chapter 13 statement indicates that at the time the statement was filed with this Court, Debtor had one child and Debtor's wife was pregnant.