**In re Emily Theodoshia BOONE, Debtor.**

**Bankruptcy No. 83–00890–N.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Sept. 16, 1985.

---

John E. Robins, Jr., Hampton, Va., Trustee.

Robin L. Tolerton, of Smith & Tolerton, P.C., Norfolk, Va., for debtor.

## MEMORANDUM AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This issue comes before the Court upon the Chapter 13 trustee's "Motion for Modification of Confirmed Plan" and the debtor's objection thereto.

The debtor's Chapter 13 plan, confirmed by this Court on October 6, 1983, provided for the payment of certain administrative costs, payment of three secured claims and a dividend of 20% to be paid without interest to unsecured claimants. Nowhere in the plan was there a provision for the number of such payments or the duration of the plan. Prior to confirmation, the trustee filed his report and recommendation which stated in part

"The trustee reports that he finds no evidence that the plan in (sic) not proposed in good faith and reports further that the plan appears to comply with all applicable provisions of the Bankruptcy Code.

The trustee recommends that the plan be confirmed with an increase in payments from $113.00 to $114.00 per month." [1]

No objections to confirmation were forthcoming. The debtor was faithful to his plan and as of the date of this hearing had timely made sufficient payments under the plan so that the required 20% dividend had been realized by all unsecured claimants, as proposed.

The trustee seeks a forced modification of the plan to require the debtor to make his payments over the normal term of a Chapter 13 plan, thirty-six months, thus creating an additional $3,416.79 which would pay the creditors 100% of their claims.

The debtor's objection to the proposed modification raises two issues. The first is whether the trustee has standing to modify a debtor's confirmed plan under the Code prior to the 1984 Amendments. The second is whether a debtor's confirmed plan may be extended, over his objection, after the confirmed percentage distribution has been made.

In addressing the question of the trustee's standing to modify the debtor's confirmed plan, the Court must preliminarily remark that this action arises under 11 U.S.C. § 1329(a) of the Bankruptcy Code as it appeared before the 1984 amendments. In pertinent part, that section reads,

"At any time after confirmation but before the completion of payments under a plan, the plan may be modified to (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time for such payments; or (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payments of such claim other than under the plan."

The legislative history of this particular subsection, at H.R. 95–595, 95th Cong., 1st Sess. 431 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6386, specifically states that before all payments have been made under the confirmed plan, the debtor may request modification. Beyond this single reference both the statutory language and the legislative history are silent on the issue of the proper party to propose modification. The Court notes the espoused policies behind Chapter 13 and in particular the legislative history of 11 U.S.C. 1321 and the comment following. Both stress that the

---

1. Payments were later reduced to $92.00 per month due to the error of listing a single creditor twice.

filing of a Chapter 13 plan is the debtor's exclusive right and, further, that Chapter 13 is an entirely voluntary act by the debtor. See H.R. 95–595, 95th Cong., 1st Sess. 423 (1977); S.R. No. 95–989, 95th Cong., 2d Sess. 141 (1978); 5 *Collier on Bankruptcy,* Ch. 1321 (15th ed. 1984).

Case law on § 1329 standing is sparse. *In re Nelson,* a 1983 decision of the Middle District of Georgia, determined the allowability of postpetition claims for medical services in three similar fact situations. Pivotal in one instance was modification of a confirmed Chapter 13 plan by the debtor. The court held that a claim otherwise allowable under 11 U.S.C. § 1305 must be disallowed unless the necessary plan modification was applied for *by the debtor.* Neither the court nor the objecting trustee could impose such modification. *In re Nelson,* 10 B.C.D. 189, 27 B.R. 341 (M.D.Ga. 1983); 5 *Collier on Bankruptcy,* 1329.-01[1] (15th ed. 1980).

Similarly, *In re Fluharty,* 23 B.R. 426, 9 B.C.D. 828 (N.D.Oh.1982), held that because Chapter 13 is entirely voluntary, creditors could not obtain a post-confirmation order modifying the plan to increase payments even where the debtor's earnings increased.[2]

In the instant case, the trustee's argument that the ambiguous language of the pre-Amendment Code might permit the modification sought here is unpersuasive. There is no indication in § 1329(a) of a Congressional intent to alter the voluntary nature of Chapter 13. That Congress later amended the section to grant the trustee such power should not dictate a contrary interpretation.

The trustee is without standing under the 1983 Bankruptcy Code to request post-confirmation modification of a Chapter 13 plan.

One must be cognizant, too, of the list of characters. A debtor is told by his attorney and the trustee at the time of confirmation that he is to pay a certain percentage of each claim. The creditor receiving notice is aware of this as well. The post-1984 law is clear, but it would be wholly inequitable to suddenly change the rules of the game for those whose plans were confirmed prior to 1984.

The U.S. Bankruptcy Court is a court of equity, always has been, always will be. *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Brockington v. Scott,* 381 F.2d 792 (4th Cir.1967); *Braddy v. Randolph,* 352 F.2d 80 (4th Cir.1965).

Equity does not permit, on the whim of some unlikely reading of the statute, that such an injustice obtain. Congress wanted the law changed and did so. That's the way it works; not on the courts making law.

The trustee is also barred by laches. It was he who on August 15, 1983, filed a report recommending confirmation of this plan which proposes a 20% dividend to unsecured creditors. Confirmation Day, August 17, 1983, was the time to set the matter straight.

It is ORDERED that the trustee's motion for modification of the confirmed plan be, and it hereby is, denied.

---

**2.** Clearly, under the 1984 Amendments, this reasoning would fail. 11 U.S.C. § 1329(a), as amended, expressly grants standing to request post-confirmation modification to the debtor, the trustee, or the holder of an allowed unsecured claim. This helps insure compliance with the new section 11 U.S.C. § 1325(b)(1) which requires that all the debtor's projected disposable income received within three years of the first payments go toward the plan. The trustee may, under the Bankruptcy Code Amendments, request, and the court may grant, modification even over the debtor's objection. Sulmeyer, Lynn and Rochelle, *Collier's Handbook for Trustees and Debtors in Possession,* Lawrence P. King, ed., ¶ 17.01 (Matthew Bender) 1985.