**In re Paul E. and Linda J.
TSCHIDERER d/b/a The
Chicken Coop, Debtors.**

**Bankruptcy No. 82–21174.**

United States Bankruptcy Court,
W.D. New York.

May 6, 1987.

George M. Reiber, Rochester, N.Y.,
Trustee.

Harris, Maloney, Horwitz, Evans & Fox
by Robert S. Cooper, Rochester, N.Y., for
debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy
Judge.

This is an application by the Chapter 13
Trustee to modify the Debtors' plan. If
allowed, the modification will result in cred-
itors being paid one hundred cents on the
dollar.

The facts of the case are these. On
October 14, 1982, the Debtors filed a joint
petition under Chapter 13 of the Bankrupt-
cy Code. Their plan was filed on Decem-
ber 3, 1982. The plan, which was to last
five years, called for weekly payments of
$75.00. Under the plan three secured cred-
itors, whose aggregate claims amounted to
$6,358.00, were to be paid in full. The plan
also proposed the payment in full of priori-
ty claims which the Debtors estimated to
be $5,980.00. Based upon the projected
payments to secured and priority claim-
ants, the plan proposed to pay unsecured
creditors 25% of their claims. The plan
was confirmed on April 26, 1983. The
Debtors promptly began making weekly
payments and have done so ever since.

On May 11, 1984, the Order approving
claims was entered. At that time priority
claims amounting to $12,730.00, more than
double the Debtors' pre-confirmation esti-
mate, were allowed. With the priority in-
debtedness thus increased, unsecured credi-
tors were being paid nothing under the
plan.

On May 9, 1986, the Chapter 13 Trustee
read in a local newspaper that the Debtor,
Paul Tschiderer, had received a $50,000.00
award from his employer, the Eastman Ko-
dak Company, for making a suggestion
which the company adopted in one of its
production processes. On May 15, 1986,
the Trustee filed a Motion to increase the
Debtors' plan payments based on their re-
ceipt of the award. The Motion was ad-
journed several times and on June 17, 1986,
the parties reported that a settlement had
been reached. A stipulation of settlement
was never executed, however, and the
Debtors subsequently retained new counsel
for the purpose of contesting the Trustee's
application.

As reinstated from July 1986, this Motion
seeks an Order modifying the Debtors'
plan to require a lump sum payment of
$20,910.00 which will result in a 100% pay-
ment of creditors. The Debtors argue that
the Motion must be denied because the
Trustee is without standing to seek the
modification; because the award is post-
confirmation property in which the Debtors

are fully vested; and because the Trustee should be estopped.

The Debtors first assert that the Trustee is without standing to modify the plan. It is argued that under the law in effect when the plan was confirmed, April 26, 1983, the Debtors alone possessed the right to seek a post-confirmation modification. 11 U.S.C. § 1329(a), as it existed at the time the plan was confirmed, stated,

§ 1329. Modification of plan after confirmation.

(a) At any time after confirmation but before the completion of payments under a plan, the plan may be modified to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim, other than under the plan.

The language of former 11 U.S.C. § 1329(a) did not specify that the right to seek a post-confirmation modification resided in the Debtor exclusively. The legislative history, however, does make clear that such exclusivity was intended.

After confirmation but before the completion of payments, the debtor may request a modification of the plan, to increase or reduce payments under the plan for a particular class, to extend or reduce the time for payments, or to alter the amount of distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of his claim other than under the plan.

House Report No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. The cases are in accord. *In re Fluharty*, 23 B.R. 426, 429 (Bkrtcy.N.D.Oh.1982); *Matter of Nelson*, 27 B.R. 341 (Bkrtcy.M.D.Ga.1983).

In 1984, 11 U.S.C. § 1329(a) was amended to permit post-confirmation modification to be sought by the Trustee and unsecured creditors, as well as by the Debtor. Presently, 11 U.S.C. § 1329(a) reads,

11 USCS § 1329. Modification of plan after confirmation.

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

The purpose of amending 11 U.S.C. 1329(a) was to permit a modification to be sought by the Trustee or an unsecured creditor where the Debtor's financial situation changed substantially in the post-confirmation period. 5 Collier on Bankruptcy ¶ 1329.01[1][b] (15th ed. 1986). The Debtors question whether the Trustee has standing to move for a post-confirmation modification under 11 U.S.C. § 1329(a) as amended, since he would have lacked standing to do so under 11 U.S.C. § 1329(a) as it existed at the time their plan was confirmed.

Courts have differed on whether the 1984 bankruptcy amendments should be applied retrospectively. In *Carlton v BAWW, Inc.*, 751 F.2d 781 (5th Cir.1985), it was decided that the 1984 amendments should be applied retrospectively to cases pending on the effective date of the enactment. 751 F.2d at 787 n. 6. In *Creasy v Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir.1985); and *Wilson v. Harris Trust & Savings Bank*, 777 F.2d 1246, 1249 (7th Cir.1985), retrospective application of the 1984 amendments was not allowed. The Second Circuit has not decided whether the 1984 amendments should be applied retrospectively. However, in an analogous case, *In re Teltronics Services, Inc.*, 762 F.2d 185, 188, 89 (2nd Cir.1985),

the Court decided that the Bankruptcy Code of 1978 should not be applied retrospectively to cases commenced under the Bankruptcy Act. In the case of *In re Endlich,* 47 B.R. 802, 804 n. 2 (Bkrtcy.E.D. N.Y.1985), a Bankruptcy Court of this Circuit did decide that the 1984 amendments were not to be applied retrospectively.

Two cases have been brought to the Court's attention which deal specifically with whether 11 U.S.C. § 1329(a) should be given retrospective application. In the case of *In re Boone,* 53 B.R. 78 (Bkrtcy.E. D.Va.1985), the Chapter 13 Trustee was determined not to have standing to apply for the post-confirmation modification of a plan which was confirmed prior to the effective date of the 1984 amendments. The Court stated that "it would be wholly inequitable to suddenly change the rules of the game for those whose plans were confirmed prior to 1984." 53 B.R. at 80. In the case of *In re Koonce,* 54 B.R. 643 (Bkrtcy.D.S.C.1985), the Chapter 13 Trustee also applied for the post-confirmation modification of a plan that had been confirmed prior to the effective date of the 1984 amendments. The modification was sought in consequence of a Debtor's lottery windfall amounting to $49,000.00 per year for twenty years. The court, *despite acknowledging that the 1984 amendments were not controlling,* was influenced by the change in the Debtor's financial circumstance and granted the Trustee's application. 54 B.R. at 644, 45. The instant case is similar to *Koonce.* Nevertheless, there is a persuasive reason, one which the *Koonce* court acknowledged then ignored, for determining that the Trustee lacks standing to seek the post-confirmation modification of a plan confirmed prior to the effective date of the 1984 amendments.

The bankruptcy amendments of 1984 were enacted as Public Law No. 98–353. Section 553(a) of Pub.L. No. 98–353 instructed that the 1984 amendments were, generally, to be effective as to cases filed ninety days after the date of enactment (July 10, 1984). Several exceptions to the general effective date were enumerated. Section 553(b) of Pub.L. No. 98–353 instructed that the amendments to 11 U.S.C. § 303(b)(1) and (h)(1) were to become effective on the date of enactment. Section § 122(a) of Pub.L. No. 98–353 instructed that the amendment to 11 U.S.C. § 105 was also to become effective on enactment. Section 553(c) of Pub.L. No. 98–353 instructed that 11 U.S.C. § 1113 was to become effective on the date of enactment, but was not to apply to cases commenced prior to the enactment date.

When Congress wanted to isolate certain of the 1984 amendments for special treatment it did so expressly. Since the retrospective application of § 1329(a) was not expressly provided for, it is hard to believe that Congress intended to permit the Trustee to apply for the post-confirmation modification of a plan which was confirmed prior to the effective date of the 1984 amendments. Nothing in the enacting legislation, the statute or the legislative history indicate that he may.

Since the 1984 bankruptcy amendments will not be applied retrospectively, the Trustee is without standing to seek the post-confirmation modification of this pre–1984 plan. Accordingly, the Trustee's Motion to modify the plan is denied without further consideration of the issues raised by the parties and it is so ordered.