

---

Charles D. Gazzola, of Dailey Law Office, Mankato, Minn., for debtors.

Timothy D. Moratzka, of Moratzka, Dillon & Kunkel, Hastings, Minn., for Gerald Hildebrandt.

Donald C. Swenson and Richard T. Ostlund, of Lindquist & Vennum, Minneapolis, Minn., for Janesville State Bank and First Nat. Bank of Minneapolis.

C. Thomas Wilson, of Gislason, Dosland, Hunter & Malecki, New Ulm, Minn., for Equitable Life Ass. Soc. of the U.S.

John Hedback, Minneapolis, Minn., for the U.S. trustee.

Mark C. Halverson, Mankato, Minn., trustee.

Perry A. Berg, of Patton, Hoversten, Berg & Zimmer, P.A., Waseca, Minn., for Minnesota Agr. Interpretive Center.

Thomas Lallier, of Mackall, Crounse & Moore, Minneapolis, Minn., for General Motors Acceptance Corp.

**In re Merlin L. HILDEBRANDT and Anita M. Hildebrandt, Debtors.**

**Bankruptcy No. 4–86–3749.**

United States Bankruptcy Court, D. Minnesota.

March 20, 1987.

### ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

I orally denied confirmation of debtors' plan upon consideration only of the issue of debtors' treatment of payments to be made under and outside the plan. The debtors' proposed chapter 12 plan as modified in a modification dated March 5, 1987, required that payments to all creditors other than

retire. The Court notes that nothing in section 354.49 of the Teachers Retirement Act appears to require this result.

payments to the unsecured creditors included in Class III were to be paid "outside of the plan". At the hearing, debtor orally modified the plan to state that all creditors would be paid under the plan except the Class IV, VII and VIII creditors.[1] The Class IV creditors are unsecured creditors who rented farmland to debtor for the crop year 1986. Their claims are for rent for 1986. The Class VII creditor is General Motors Acceptance Corporation who would be paid as required by the prepetition security agreement of the parties. The General Motors Acceptance Corporation claim is secured. Class VIII claims are those of creditors holding valid security interests in debtors' 1986 crop proceeds. There are other creditors in Class V who also have secured interests in debtors' 1986 crop proceeds.

There were numerous objections to the chapter 12 plan of debtors filed by the United States Trustee, the Janesville State Bank and First National Bank of Minneapolis, Equitable Life Assurance Society of the United States, Minnesota Agricultural Interpretive Center, and the chapter 12 trustee in this case.

I decided to first deal with the objections raised by the chapter 12 trustee, since they were legal issues that did not require testimony by any parties. The chapter 12 trustee and the United States Trustee both objected to the debtors making any payments to creditors outside the plan of reorganization since such payments do not comply with 11 U.S.C. § 1226(c) and 28 U.S.C. § 586. Section 1226 provides as follows:

SECTION 1226. PAYMENTS.

\* \* \* \* \* \*

(c) Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

The fees to be paid to the chapter 12 trustee are also governed by 28 U.S.C. § 586(e)(2).[2] Section 586 requires the trustee to collect the required percentage fee "from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11."

11 U.S.C. § 1222(a)(1) states that the debtor will provide in his plan for "the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." 11 U.S.C. § 1225(b) requires that all "disposable income" not necessary for "maintenance or support of the debtor" or for "payment of expenditures necessary for the continuance, preservation and operation of the debtor's business" be paid into the plan. Payments to prepetition creditors do not fit under either exception above.

The format of chapter 12 and 28 U.S.C. § 586 contemplates that most if not all of the payments made by chapter 12 debtors will be made under a plan of reorganization. Salaries of trustees are limited by the fees collected. Excess fees over salary are to be deposited in the United States Trustee System Fund. 28 U.S.C. § 586. If only unsecured creditors' payments were required to be made under plans, the salary limits would be difficult to reach much less allowing excess payments to the U.S. Trustee System Fund.

Certain case law under Chapter 13 of the Bankruptcy Code allows payments to creditors to be made "outside" a plan of reorganization. Typically, these cases allow payments to creditors outside the plan and therefore outside the fees to be paid to a standing trustee, when there is no modification of the rights of the creditor or other similar creditors.

---

1. Modification of chapter 12 plans is governed by Local Rule 185(h). Any modification is to be done in writing and to be accompanied by a written motion. I allowed an oral modification in this case due to the equities of the situation and since the change did not substantially change the posture or objection of any creditor in a manner which would have required more

discovery prior to holding a confirmation hearing.

2. This provision applies to districts with U.S. Trustees only. For non-U.S. Trustee districts until U.S. Trustee system is implemented, 11 U.S.C. § 1202(d) applies.

In this case, certain secured and unsecured creditors are paid outside the plan and not others. The payments outside the plan are to creditors whose rights are not modified, but all similar creditors are not so treated.

A chapter 12 debtor knows the statutory scheme of chapter 12 before filing a petition under it. Therefore, the chapter 12 debtor knows that a fee will be required to be paid in order to avail itself of the protections of chapter 12. The chapter 12 trustee's compensation depends on the percentage fees based upon payments made under chapter 12 plans. If very few payments are made under plans, the entire statutory scheme will be circumvented and the quantity, if not the quality, of chapter 12 trustees could diminish substantially.

One other court of which I am aware has considered a similar issue. That court found that chapter 12 fees had to be paid as to all debts except those debts which the debtor in no way alters, modifies or adjusts and in no way seeks to invoke the court's jurisdiction over the rights or claims of the creditor. *In re Hagensick*, 73 B.R. 710 (Bktcy.N.D.Ia.1987). I agree with this rule. In this case, where some unsecured creditors are paid outside the plan and others are paid under it, the result should be the same. All of the payments should be under the plan of reorganization.

Accordingly, I will not allow payments to creditors whose rights or the rights of substantially similar creditors have been modified under a plan of reorganization to be paid outside the plan of reorganization nor will I allow some unsecured creditors to be paid under a plan and others outside of it.

THEREFORE, IT IS ORDERED that the confirmation of the chapter 12 plan of Merlin and Anita Hildebrandt as orally modified is hereby denied.