**In re Elroy G. MEYER and Alessandrina R. Meyer, Debtors.**

**Bankruptcy No. 87–00177–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

May 5, 1987.

Norman W. Pressman, Clayton, Mo., for debtors.

David A. Lander, St. Louis, Mo., for Federal Land Bank.

Richard J. Scheffler, Clayton, Mo., for First Missouri Bank of Warren County.

Eileen Voss, St. Louis, Mo., trustee.

Daryl L. Hicks, Warrenton, Mo., for Henry Engemann.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The hearing to consider confirmation of the Debtors' Chapter 12 Debt Adjustment Plan was called on April 22, 1987. The Debtors appeared in person and by counsel and announced that no objections to confirmation had been filed. Two holders of secured claims appeared by counsel and announced that they had consented to the Debtors' treatment of their secured claims in the proposed plan. A third secured creditor had filed a written acceptance of the amended plan on the date of the hearing but did not appear personally or by counsel. The Trustee requested that she be

allowed to reserve her announcements until the conclusion of the Debtors' testimony with respect to the plan's feasibility.

The plan presented at the hearing had been amended to provide for the following:

A) Full payment to the Federal Land Bank (FLB) upon its claim secured by a first Deed of Trust on 150 acres of the Debtors' farm land. The FLB would receive annual payments in the amount of $23,728.47, with the loan balance being amortized over 20 years at 10 percent interest with a seven year balloon. These payments were to be made directly by the Debtors to the FLB and not through the Chapter 12 Plan.

B) Full satisfaction of the two claims held by Henry Engemann valued by the Debtors at $30,000.00. The Debtors propose to surrender 48 acres of land which are subject to this creditor's first Deeds of Trust. No cash would be paid to this creditor.

C) A write down of the five claims held by the First Missouri Bank of Warren County, having an aggregate balance of approximately $370,370.00. The first claim is secured by a second Deed of Trust behind FLB on the 150 acre tract and would be paid a total of $25,000.00 with interest at the rate of 9 percent per annum over six annual payments. The second claim, valued at $12,000.00 by the Debtors, would be satisfied by a surrender of the collateral—the 30 acre tract which is subject to the senior lien claimed by Henry Engemann. The third claim with an unknown value would be satisfied by a surrender of the collateral—the 18 acre tract subject to a senior lien claimed by Henry Engemann. The fourth claim is valued at $14,000.00 and would be paid in full in three annual payments plus interest at the rate of 9 percent per annum. These payments would be made directly by the Debtors and not through the plan. The last claim is secured by a Deed of Trust on the Debtors' principal residence and 9 acres of land. It would be paid monthly in the amount of $674.79, such that the $75,000.00 balance is amortized over 20 years at 9 percent interest with a 10 year balloon.

D) Unsecured creditors would receive a pro rata share of 5 annual payments to the Trustee in the amount of $5,000.00 each. According to the Debtors' schedules, this would provide a dividend of slightly more than 6 percent to each unsecured claim.

Other provisions in the plan would pledge each year's crops as security for the payments to secured creditors under the Plan, and, upon Debtors' default would permit the secured creditors to exercise their enforcement rights after notice and an opportunity to cure.

■ The criteria for confirmation of a Chapter 12 Plan are similar to those for confirmation of a Chapter 11 Business Reorganization Plan (11 U.S.C. § 1129(a)(1)), and of a Chapter 13 Individual Debt Adjustment Plan (11 U.S.C. § 1325(a)(1)). A plan shall be confirmed if it complies with the provisions of Chapter 12 and other applicable provisions of Title 11 of the United States Code (11 U.S.C. § 1225(a)(1)). Therefore, borrowing from the Chapter 13 criteria applied in this District, the Court has determined that a Chapter 12 Plan may be confirmed if:

(1) All of the Debtor's debts are provided for in the plan (Section 1225(b)(3)),

(2) The plan does not provide for payments over more than 3 years, except for cause (Section 1222(c)), and ·

(3) All payments provided for in the plan are paid through the Trustee (Section 1222(a)(1), 1226)).

■ The Debtors in this case have argued that the additional expense of the Trustee's fees which will result if all payments are made through the plan is unnecessarily burdensome. However, the Congressional scheme in each of the Bankruptcy repayment chapters anticipates a consolidation of payments through a central entity whether a trustee, a debtor-in-possession, or other disbursing agent. This administrative expense must be viewed as the cost of establishing that regimen which has proven to be an essential part of any financial rehabilitation. A single source disbursement plan also conveys a suggestion

of equitable treatment for all claims which are provided for in the plan.

■ Although the amount of compensation and reimbursement to the Trustee is subject to review in each case, the Debtors must reasonably anticipate a Trustee's fee of 10 percent of all amounts received by her, since the duties imposed upon the Chapter 12 Trustee are at least as time consuming as those imposed upon a Chapter 13 Trustee (Sections 1202 and 1302).

■ After a discussion on the record concerning the Chapter 12 requirements, the Court adjourned the hearing to Chambers to review the Debtors' alternatives. With the cooperation of the Counsel for the Federal Land Bank and the Counsel for the First Missouri Bank of Warren County, the Debtors then announced certain adjustments to their budget which permitted the Plan to be modified to provide for all payments to be made through the Plan (except for the $674.79 monthly payment on their principal residence which direct payment the Court determined was a reasonable exception to the criteria listed above). Also the amount of the annual payment for unsecured claims was increased by approximately $2,000.00 to provide for the additional Trustee's fees anticipated in the modified Plan.

After consideration of the Debtors' testimony concerning their annual income (including the two salaries received from their non-farm employment), the Court has determined that the modified Plan is feasible, and that the distribution to unsecured creditors is at least equal to the amount which would be paid in a Chapter 7 Liquidation. Section 1225(a).

The Debtors' Modified Chapter 12 Plan is confirmed by separate Order.