**In re Gary and Rena CRUM, Debtor(s).**

**Bankruptcy No. 87–07323.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

May 17, 1988.

N. Sanders Sauls, Tallahassee, Fla., for debtor.

T. Whitney Strickland, Tallahassee, Fla., Trustee.

## MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the confirmation of the joint debtor's Chapter 12 plan of reorganization. The trustee challenged the debtor's right to make direct payments to impaired secured creditors rather than submitting the payments to the trustee for distribution under the Chapter 12 plan.

■■■■ Having reviewed the statutory and case authority on this issue, this Court concurs with the opinion of the United States District Court for the Southern District of South Dakota, in *In Re Erickson Partnership*, 83 B.R. 725 (S.D.1988). In that case, the United States Trustee and the standing Chapter 12 Trustee appealed from a Bankruptcy Court confirmation of the debtors' Chapter 12 plan which allowed the debtors to make direct payments to a secured creditor holding a modified claim. The concern of the trustees was that if the debtor were allowed to make direct payments to creditors, the debtor could thereby, to that extent, avoid the trustee's fee, assessed on payments made *through* the trustee in accordance with Title 28 U.S.C. 586(e)(2). It was conceded that the Chapter 12 debtor had the right to make direct payments under reorganization plans, but the parties disagreed on the circumstances under which such payments could be made; that is, whether Chapter 12 places any limits on a Bankruptcy Court's discretion to approve the direct payments. The debtors contended that by its language, Chapter 12 allows direct payment on secured claims without limitation. The trustees argued that the language of Chapter 12 does not allow direct payment, but that direct payments on *unmodified* secured claims may be made based on a body of Chapter 13 case law construing Chapter 13 provisions similar to those in Chapter 12. It was

noted in *Erickson* that the Chapter 13 cases relied upon by the trustees were decided under a prior version of Section 586 and thus inapplicable to the present issue. There are some Chapter 12 cases which apply this same rationale, holding that all payments made under the plan come through the trustee and are thus subject to the commission, but that the debtor may make payments outside of the plan as long as they are made solely to unimpaired creditors. (See, *In Re Rott*, 73 B.R. 366 (Bkrtcy.N.D.1987); *In Re Citrowske*, 72 B.R. 613 (Bkrtcy.Mn.1987); *In Re Greseth*, 78 B.R. 936 (Mn.1987); *In Re Hildebrandt*, 79 B.R. 427 (Bkrtcy.Mn.1987)). The *Erickson* court likewise rejected these cases as not addressing the issue in the context of the new § 586. The *Erickson* Court then analyzed the provisions of Chapter 12, finding the only explicit limitations to be contained in Sections 1225(a)(1), (a)(3), and (a)(4); that is, on the debtor's right to make direct payments on *un* secured claims, and the requisites that the debtor's payments do not unfairly discriminate, and that they are proposed in good faith. The Court found the direct payments by the debtor permissible under this statutory language. (See also, *In Re Land*, 82 B.R. 572 (Bkrtcy. Co.1988)) Lastly, the Court noted that the resultant reduction in trustee's commissions would be balanced by the concomitant reduction in services required of the trustee.

Finding the rationale of the *Erickson* Court persuasive, and the case law in contravention thereof inapplicable, this Court approves the debtors' proposed payments to its creditors herein under the provisions of Chapter 12. This memorandum opinion shall be incorporated in the order confirming the Chapter 12 plan of reorganization.