### In the Matter of Gordon S. SUTTON, Debtor.

### Bankruptcy No. 87–50959.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Sept. 14, 1988.

Lovick P. Anthony, Jr., Butler, Ga., James C. Marshall, Macon, Ga., for debtor.

Walter W. Kelley, Albany, Ga., Chapter 12 Trustee.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Gordon S. Sutton, Debtor, filed a petition for relief under Chapter 12 of the Bankruptcy Code on May 26, 1987. Walter W. Kelley serves as Chapter 12 Trustee in this bankruptcy case.

On September 14, 1987, Debtor filed a Chapter 12 plan which proposed to make payments to unsecured creditors through the trustee's office. The plan further proposed that Debtor would pay all secured and priority creditors directly. By paying secured and priority creditors directly, Debtor anticipates that he will avoid the imposition of the ten percent fee which Trustee is entitled to collect on all payments made through his office. Trustee filed an objection to confirmation of Debtor's plan on three separate grounds. All of Trustee's objections have been resolved except for his objection to Debtor's proposal to pay creditors directly.

Debtor orally modified his proposed Chapter 12 plan at the confirmation hear-

ing held before this Court on December 3, 1987. The Court confirmed Debtor's modified plan, except for that portion of the plan which proposes to allow Debtor to make payments directly to creditors. The Court reserved judgment on this issue, and directed counsel to submit briefs. The Court, having considered the evidence presented and the arguments and briefs of counsel, now publishes this memorandum opinion.

The sole issue for determination is whether Debtor may make payments directly to secured and partially secured creditors under the Chapter 12 plan and avoid the ten percent fee of Trustee.

The Court begins its analysis by noting the provisions of section 1225(a)(5)(B), which state:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>     . . . .
>     (5) with respect to each allowed secured claim provided for by the plan—
>     . . . .
>     (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
>     (ii) the value, as of the effective date of the plan, of *property to be distributed by the trustee or the debtor under the plan* on account of such claim is not less than the allowed amount of such claim; or

11 U.S.C.A. § 1225(a)(5)(B) (West Supp. 1988) (emphasis added). This section provides that a Chapter 12 debtor may make payments directly to creditors. *See In re Crum,* 85 B.R. 878, 18 Collier Bankr.Cas.2d 1090 (Bankr.N.D.Fla.1988); *Yarnall v. Erickson Partnership (In re Erickson Partnership),* 83 B.R. 725 (D.S.D.1988), *aff'g* 77 B.R. 738, 16 Bankr.Ct.Dec. 319 (Bankr.D.S. D.1987); *In re Land,* 82 B.R. 572, 18 Collier Bankr.Cas.2d 348 (Bankr.D.Colo.1988); *In re Hildebrandt,* 79 B.R. 427 (Bankr.D. Minn.1987); *Lenz v. Federal Land Bank (In re Lenz),* 74 B.R. 413 (Bankr.C.D.Ill. 1987); *In re Hagensick,* 73 B.R. 710, 16

Bankr.Ct.Dec. 28 (Bankr.N.D.Iowa 1987). This provision is necessary if Chapter 12 debtors are to have the right to modify long-term secured debts. *See In re Logemann,* 88 B.R. 938 (Bankr.S.D.Iowa 1988). This section allows a debtor to have a Chapter 12 plan confirmed over the objection of a secured creditor.

Debtor proposes to make payments directly to Federal Land Bank (FLB) and Central Georgia Production Credit Association (PCA). FLB holds a fully secured claim. Debtor's Chapter 12 plan as modified alters the rights of FLB. PCA holds a partially secured claim. Debtor's Chapter 12 plan as modified alters the rights of PCA. Trustee objects to Debtor making payments directly to FLB and PCA and thus trying to avoid payment of the ten percent trustee's fee.

The Court can find no statutory provision that would prohibit Debtor from making payments directly to FLB or PCA. Courts are divided, however, on the issue of whether direct payments to creditors whose rights are modified by a Chapter 12 plan are exempt from the imposition of the trustee's fee.

The statutory authority allowing the collection of the trustee's fee is found in section 586 of Title 28 of the United States Code.[1] Prior to the passage of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986,[2] section 586 authorized the collection of a percentage fee by Chapter 13 standing trustees. The relevant portion of former section 586 provided: "(2) Such individual shall collect such percentage fee from all payments under plans in the cases under chapter 13 of title 11 for which such individual serves as standing trustee." Former 28 U.S.C.A. § 586(e)(2) (as originally enacted in Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 224). Thus, a Chapter 13 standing trustee was entitled to collect a percentage fee from all payments made under a debtor's Chapter 13 plan.

---

1. 28 U.S.C.A. § 586 (West Supp.1988).

2. Bankruptcy 'Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, 100 Stat. 3119.

The Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 amended section 586 to include collection of a percentage fee by Chapter 12 standing trustees. The new section 586 provides: "(2) Such individual shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee." 28 U.S.C.A. § 586(e)(2) (West Supp.1988). In addition to expanding the section to include Chapter 12 standing trustees, Congress replaced the phrase "all payments under plans" with the phrase "all payments received by such individual under plans."

■ Some courts have held that a standing trustee is entitled to collect a percentage fee on payments made by debtors directly to creditors. *See, e.g., In re Hagensick,* 73 B.R. at 714, 16 Bankr.Ct.Dec. at 30; *In re Rott,* 73 B.R. 366, 375, 15 Bankr.Ct.Dec. 1292, 1298, 17 Collier Bankr. Cas.2d 381, 393 (Bankr.D.N.D.1987). These courts have focused their analysis on whether the payments were made "under the plan." Other courts have ruled that the Chapter 12 trustee may only collect a percentage fee on payments which are made through the trustee's office. *See, e.g., In re Erickson Partnership,* 83 B.R. 725 (DSD 1988), *aff'g* 77 B.R. 738, 16 Bankr.Ct.Dec. 319 (Bankr.DSD 1987); *In re Crum,* 85 B.R. 878, 18 Collier Bankr. Cas.2d 1090 (Bankr.N.D.Fla.1988). These courts have held that the issue is not whether the debtor's payments were made "under the plan," but rather is whether the payments were actually made through the trustee's office.

This Court has reviewed the case law in support of each view. In *In re Logemann,*[3] the bankruptcy court for the Southern District of Iowa held that the standing Chapter 12 trustee was entitled to collect a percentage fee on all payments made on impaired claims, regardless of whether the payments were made through

the trustee's office. The court in *Logemann* analyzed the relevant sections of Chapter 12 and the policies behind their creation. The court also noted and analyzed several similarities and differences between the payment provisions of Chapter 12 and Chapter 13.

This Court finds the reasoning of the court in *In re Logemann* to be persuasive. Thus, the Court holds that the standing Chapter 12 trustee is entitled to collect a percentage fee on all payments made under the plan on impaired claims. The claims of FLB and PCA are impaired, therefore Trustee is entitled to collect a percentage fee on payments made on those claims. Trustee is entitled to collect this percentage fee whether Debtor makes the payments through the Trustee's office or directly to the creditors. The Court's decision is consistent with the conclusions reached by Judge Laney in *In re Weaver.*[4]

Debtor also asserts that a fee set at ten percent is too high. Under section 586, the percentage fee collected by standing trustees is fixed by the Attorney General. If the percentage collected results in excessive compensation, section 586(e)(2) dictates that the surplusage be paid into the United States Trustee System Fund. This Court declines to reach the question of whether it has the authority to alter the fee fixed by the Attorney General.

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing memorandum opinion; it is

ORDERED that the objection to confirmation of the Chapter 12 plan of Gordon S. Sutton, Debtor, hereby is sustained insofar as it pertains to Debtor's proposal to pay Federal Land Bank and Central Georgia Production Credit Association directly; and it is further

---

**3.** *In re Logemann,* Ch. 12 Case No. 87–188–W J (Bankr.S.D.Iowa Aug. 6, 1988) (LEXIS, Bankr. library, Cases file).

**4.** *In re Weaver,* Ch. 12 Case No. 87–60047 (Bankr.M.D.Ga. Aug. 20, 1987) [available on WESTLAW, 1987 WL 39745].

ORDERED that Debtor amend his Chapter 12 plan to comply with the requirement of this opinion; and it is further

ORDERED that this memorandum opinion and order be entered on the docket on the date set out below.

SO ORDERED this 14th day of September, 1988.