In re Robert F. COOPER and Phyllis J. Cooper, Debtor(s).

Bankruptcy No. BK 86–31243.

United States Bankruptcy Court, S.D. Illinois.

Jan. 6, 1989.

S. Gene Schwarm, Vandalia, Ill., for debtors.

Pamela Lacey, Benton, Ill., for trustee Bob G. Kearney.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Debtors, Robert and Phyllis Cooper, filed a Chapter 12 bankruptcy petition on December 12, 1986, and filed their original plan of reorganization on March 12, 1987. They subsequently filed a first amendment to their plan on September 14, 1987, and a second amendment on October 13, 1987. On November 24, 1987, debtors filed a third amendment to their plan of reorganization, which was confirmed by order of the Court on December 14, 1987.

Debtors' plan as confirmed provides for payments to unsecured creditors over the life of the plan in the amount of $57,050.

This amount represents the liquidation value of debtors' unencumbered farm machinery and equipment as of November 1, 1987. The plan defines the effective date of the plan as the "date the order confirming the plan becomes final and non-appealable," which was assumed to be November 1, 1987, in debtors' liquidation analysis.

On May 6, 1988, debtors filed a fourth amendment to their plan in which they seek to modify the confirmed plan of reorganization with regard to the treatment of unsecured claims. By this amendment, debtors propose to sell a portion of the farm machinery and equipment and to distribute the proceeds to unsecured creditors, after payment of trustee fees and unpaid attorney's fees. The amendment further proposes to reduce the amount of the yearly payments to unsecured creditors.

The trustee has filed two objections to debtors' proposed amendment, one of which—regarding the amount of trustee's fees to be paid under the amendment—has been settled. The trustee's remaining objection is that the amendment proposes to pay unsecured creditors $34,150 over the life of the plan, which is less than the liquidation value of $57,050 provided in the confirmed plan. The trustee prays that the plan as modified provide for total payments of $57,050 to unsecured creditors so as to comply with § 1225(a)(4), which requires that unsecured creditors receive at least as much under a Chapter 12 plan as they would receive in a Chapter 7 liquidation.[1]

In response to the trustee's objection, debtors state that the value of their unencumbered farm machinery and equipment is less than that set forth in their original liquidation analysis of November 1987 and assert that this lesser value should control in determining whether the proposed modification to their plan complies with the liquidation test of § 1225(a)(4). Debtors maintain that the appropriate time for determining the liquidation value of unencumbered assets in a post-confirmation modification is the time of the proposed modification rather than the time the original plan became effective. Debtors contend, therefore, that their modified plan should be approved over the trustee's objection because it proposes to pay unsecured creditors the value of unencumbered assets as of the date of their modified plan.

At hearing on the trustee's objection, debtors informed the court that the $57,050 liquidation value ascribed to their unencumbered farm machinery and equipment in November 1987 was an inflated value based on debtors' own estimates. Debtors have since obtained professional appraisals of this equipment in preparing to sell part of the equipment in order to reduce their farming operation. The liquidation value based on these appraisals is less than that originally estimated, and debtors assert that they are only required to pay the revised value of $34,150 over the life of the plan in order to comply with the confirmation standard of § 1225(a)(4).

Section 1229, dealing with modification of a Chapter 12 plan after confirmation, provides in pertinent part:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified ... to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

. . . .

(b)(2) The plan as modified becomes the plan unless, after notice and hearing, such modification is disapproved.

11 U.S.C. § 1229.

Post-confirmation modification under Chapter 12, as under Chapter 13, is intended as a method of addressing unforeseen difficulties that arise during plan administration, and such modification is warranted only when an unanticipated change

---

1. Section 1225(a)(4) provides:

(a) ... [T]he court shall confirm a plan if—

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date.

This requirement is made applicable to post-confirmation modifications by 11 U.S.C. § 1229(b)(1).

**552**

in circumstances affects implementation of the plan as confirmed. *Matter of Grogg Farms, Inc.*, 91 B.R. 482 (Bankr.N.D.Ind. 1988); *In re Dittmer*, 82 B.R. 1019 (Bankr. D.N.D.1988). A debtor seeking to modify a confirmed Chapter 12 plan under § 1229 has the burden of proving that the modifications meet the confirmation requirements. *In re Hart*, 90 B.R. 150 (Bankr.E. D.N.C.1988). Absent a modification under § 1229, the provisions of a confirmed Chapter 12 plan are binding on both the debtor and his creditors. *See* 11 U.S.C. § 1227(a); *In re Grogg Farms, Inc.*

■ Debtors have cited no authority, and the Court has found none, in which modification of a Chapter 12 plan was allowed based on a lesser liquidation value than existed at the time of confirmation. Debtors, observing that a modified plan replaces the original plan, assert that modification has the effect of creating a new "effective date of the plan" as of which debtors' estate is to be valued to determine compliance with § 1225(a)(4). The court, however, need not reach this issue under the facts of the instant case. By debtors' own admission, there has been no change in the value of their unencumbered assets in the few months since confirmation. Rather, debtors have determined that their original estimate of value in the liquidation analysis of their confirmed plan was not accurate. While debtors seek to be relieved of the consequences of their mistaken valuation, it would be contrary to the purpose of § 1229 to allow debtors to change a term of their confirmed plan that could have and should have been properly determined at the time of confirmation. *Cf. In re Grogg Farms, Inc.*: confirmation is *res judicata* as to those issues which could and should have been raised prior to or in connection with confirmation.

■ In considering debtors' proposal to decrease the amount of payments to unsecured creditors, the Court must be aware of the legitimate expectations of the parties to the confirmed plan and the need for finality in determining their rights and duties. *See In re Grogg Farms, Inc.* Once debtors' Chapter 12 plan was confirmed, their creditors could rightfully expect that the new contractual arrangement represented by the plan would be complied with. Absent some unforeseen difficulty leading to debtors' inability to fulfill their obligations under the plan, the plan should be implemented as agreed. The Court finds, therefore, that debtors' proposed modification to their plan providing for payment to unsecured creditors in the amount of $34,150 over the life of the plan fails to comply with § 1225(a)(4) and cannot be approved as proposed.

■ At hearing, debtors stated that if the Court should find that the payments to unsecured creditors under their proposed fourth amendment to the plan were insufficient, the trustee and debtors have agreed that debtors would increase these payments by $4,500 per year in order to give the unsecured creditors the equivalent of the liquidation value of debtors' equipment as of November 1, 1987. Based upon this representation, the Court will approve debtors' proposed fourth amendment to allow debtors to sell a portion of their farm machinery and equipment and to distribute the proceeds pro rata to unsecured creditors after payment of trustee and attorney's fees. The amount of the trustee's fee to be paid from the sale proceeds is $2,300, as agreed at the time of hearing.

IT IS ORDERED, therefore, that debtors' fourth amendment to their Chapter 12 plan is APPROVED as modified by the agreement between the trustee and debtors regarding payments to unsecured creditors and the amount of the trustee's fee.