**In re Leland PEARSON and Glennis Pearson.**

**Bankruptcy No. 87–30047.**

United States Bankruptcy Court, D. South Dakota, C.D.

Feb. 16, 1989.

Kay Cee Hodson, Sioux Falls, S.D., Thomas Lloyd, Pierre, S.D., for plaintiff.

John Lovald, Pierre, S.D., Trustee.

John Fousek, Rapid City, for defendant.

IRVIN N. HOYT, Chief Judge.

This opinion decides the Chapter 12 Trustee's motion, joined by the attorney for the United States Trustee, requesting that the Court modify the debtors' confirmed Chapter 12 plan.

The debtors ranch in central South Dakota. They filed their Chapter 12 petition March 9, 1987. The schedules A–2 and A–3 reveal five secured creditors and ten totally unsecured creditors. The debtors' first proposed plan of reorganization was filed June 3, 1987. Objections were filed by the

Farmers Home Administration, the Chapter 12 Trustee, and an attorney for the United States Trustee. All objections were settled prior to the confirmation hearing.

At the confirmation hearing held July 7, 1987, the plan was confirmed under the condition that it be amended to conform to the stipulations reached earlier. The order confirming was entered December 3, 1987.

According to the "Chapter 12 Plan as Confirmed," the debtors owed Farmers Home Administration $241,046.11. FmHA and the debtors agreed that the agency's secured claims would be $23,700. The confirmed plan provides that the remainder of the FmHA debt is treated as a general unsecured claim. Unsecured claims are afforded the debtors' disposable income over three years. The FmHA's unsecured claim comprises over ninety percent of the total amount of that class.

The standing trustee's motion to modify was filed September 30, 1988 and later joined by the United States Trustee. The motion alleges that during the course of their bankruptcy the debtors "failed to disclose" the value of the debtors' one-eighth undivided interest in one hundred sixty acres of Minnesota farm land. The movants request that the plan be modified to require the sale of the land, and the application of the net proceeds to unsecured claims. In the alternative, it is requested that the value of the land as of the effective date of the plan, be paid to unsecured creditors over the first three years of the plan.[1] *See* U.S.C. 1225(a)(4).

At the modification hearing held November 2, 1988 the following evidence or stipulations were made of record.

—The land is unencumbered and is presently being leased as crop land;

—The land is valued in the debtors' Schedule B–1 at $2,000;

—At the time of confirmation the land was likely worth at least $1,000 per acre,

---

1. Five unsecured creditors have signed waivers of any additional dividend modification of the plan might provide them. Why these creditors signed the waivers was not explained at the modification hearing. Because some unsecured creditors under the plan, most notably the FmHA, have not signed the waivers mentioned above, the Court will proceed to the merits of the modification motions.

making the debtors' interest worth at least $20,000;

—At no time were creditors provided a liquidation analysis as required by Local Rule, or with any other document evidencing the value placed upon the realty for plan purposes;

—Both the Chapter 12 Trustee and the attorney for the United States Trustee objected to the absence of a liquidation analysis; however, because the treatment of the secured claims was settled, the request for a liquidation analysis was not renewed at the confirmation hearing;

—A representative from the FmHA testified that throughout their association with the FmHA, the debtors were always forthright about their ownership interest in the land;

—The debtors' valuation placed in their Schedule B–1 was not a fraudulent attempt to mislead creditors; the debtors had reason to believe the value the land was scheduled at was fairly accurate;

■ Section 1227(a) makes the provisions of a confirmed Chapter 12 plan binding on the debtors and creditors. Balanced against this provision is Section 1229(a), which allows postconfirmation modification of a Chapter 12 plan prior to completion of plan payments. As presently relevant, Section 1229(a)(1) allows such modification to "increase or reduce the amount of payments on claims of a particular class provided for by the plan." The debtor, trustee or unsecured claimant may request the modification. Any modification must satisfy Sections 1222(a), 1222(b), 1223(c) and 1225(a). The party proposing the change has the burden of proving that modification is proper. *E.g., 5 Collier on Bankruptcy* para. 1229.01 (15th Ed.1989).

■ Due to the newness of Chapter 12 there are few cases providing guidelines for modifications. Apparently the only published case on point with the present circumstances is *In re Cooper*, 94 B.R. 550 (Bkrtcy.S.D.Ill.1989). In *Cooper*, the debtor moved to reduce payments due unsecured creditors under a confirmed plan because the plan contained the debtor's over estimated value of unencumbered estate property. The court stated

> Post-confirmation modification under Chapter 12, as under Chapter 13, is intended as a method of addressing unforeseen difficulties that arise during plan administration, and such modification is warranted only when an unanticipated change in circumstances affects implementation of the plan as confirmed.... By debtors' own admission, there has been no change in the value of their unencumbered assets in the few months since confirmation. Rather, debtors have determined that their original estimate of value in the liquidation analysis of their confirmed plan was not accurate. While debtors seek to be relieved of the consequences of their mistaken valuation, it would be contrary to the purposes of Section 1229 to allow the debtors to change a term of their confirmed plan that could have and should have been properly determined at the time of confirmation.

*Id.* at 551–52, *citing In re Grogg Farms, Inc.*, 91 B.R. 482 (Bkrtcy.N.D.Ind.1988). *See also In re Dittmer*, 82 B.R. 1019, 1921 (Bkrtcy.D.N.D.1988) (Chapter 12 postconfirmation modification addresses "unforeseen difficulties"); *5 Collier on Bankruptcy* para. 1229.01 (15th Ed.1989) (in accord with *Dittmer*); *In re Olsen*, 861 F.2d 188 (8th Cir.1988) (allowing postconfirmation modification of a farm family's Chapter 11 plan due to unexpected post-confirmation reduction in government subsidy payments); *5 Collier on Bankruptcy* para. 1339.01[b], (15th Ed.1989) (*res judicata*) prevents modification of Chapter 13 plan by an unsecured claim holder based upon "facts which were known and could have been raised in the original confirmation proceedings...."; *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226 (8th Cir.1987) (Chapter 13). *Cooper* concludes that by proposing to pay the unsecured claims less than the value of the unencumbered property as valued at the time of confirmation, the proposed modification failed to comply with Section 1225(a)(4).

In this case the motions to modify allege no post-confirmation change in circum-

stances. Relief is requested on the basis that the Minnesota real estate should have been valued higher at the time of confirmation. *Res judicata*, which in this context provides the requisite finality to confirmed plans, prevents the court from modifying these debtors' confirmed plan on the present motions.

The trustees' efforts to increase payments on unsecured claims is laudable. However, the debtors did not defraud the creditors in this case, and the order confirming the plan must stand. *See* 11 U.S.C. Sections 1230(a) and 1208(d). The somewhat harsh result of this decision is tempered because the debtors' share of the rental proceeds from the Minnesota land is being funneled through the plan.

Since the debtors are not paying all they should under the plan, this case seems to paint a graphic illustration of unsecured claimholders and those in the trustee system falling asleep at the switch; or at least allowing an objectionable plan treatment to slip between the cracks. The record indicates, however, that the FmHA, the creditor most affected by the under valuation, at the time of confirmation was well aware of the potential valuation question from years of prior dealings with the debtor. The agency's conscious decision was not to question the value set out in the plan.

This decision represents the Court's findings of fact and conclusions of law in this proceeding. This matter constitutes a core proceeding under 28 U.S.C. Section 157(b). The Court shall enter an order denying the motions to modify the confirmed Chapter 12 plan.