**In re Philip WAGNER and Doris Wagner, Debtors.**

**In re Glenn WAGNER, Debtor.**

**Bankruptcy Nos. 88–05975, 88–05974.**

United States Bankruptcy Court, D. North Dakota.

Feb. 11, 1993.

Sheldon Smith, Bismarck, ND, for debtors.

Phillip D. Armstrong, Minot, ND, trustee.

Ross Espeseth, Bismarck, ND, for First Nat. of Belfield.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The standing Chapter 12 trustee for the above related cases filed a motion in each seeking their dismissal due to the respective Debtors' failure to pay trustee's fees. The Debtors all resist suggesting that they have completed all plan payments and are

in conformity with plan provisions regarding any obligation to pay trustee's fees. The motions were filed on November 27, 1992, and came on for hearing on January 25, 1993.

Each case achieved confirmation of a Chapter 12 plan by order entered May 22, 1989, and each has been faithfully consummated save for those trustee's fees now in contention.

Early on in plan administration the trustee advised the respective Debtors that he was to be disbursing agent and the Debtors were not to be making plan payments directly. The Debtors, however, ignored the trustee's admonitions and, relying upon certain plan language, made direct distributions to their impaired secured creditors. No trustee's fee has been calculated on these direct payments.

The plan provision relied upon provides as follows:

1. Debtor hereby submits all present and future earnings (for the three years of this plan) to the supervision and control of the trustee and agree to pay the trustee the fee owing under a formula of the weighted average fee attributable to the extent payments exceed $450,000.00 at 3% and payments under $450,000.00 at 9% of all secured payments to creditors in sections 5 and 6 at the same time the payments are made to the secured creditor. To the extent the trustee is not involved and a direct payment is made, no fee will be required.

2. The debtor shall make disbursements in accordance with the terms of the plan, except for those required to be made by the trustee.

The Debtors argue that the foregoing provision clearly allows them to make all disbursements on impaired and unimpaired claims alike and thereby avoid paying a trustee fee on all disbursements made by them. The trustee does not read the plan language quite so neatly and believes it allows for direct payments only of unimpaired claims. Moreover, he believes that under the Code he is entitled to a fee on all distributions to impaired claimants irrespective of whether the payments are made by the Debtors themselves.

The issue presently raised is not new to the courts but has been debated ever since enactment of Chapter 12 in the Bankruptcy Judges, United States Trustees, and Family Farmers Bankruptcy Act of 1986. Pub.L. No. 99–554, 100 Stat. 3088.

In creating Chapter 12 Congress intended that trustees play a central role in case administration and provided that the trustee be compensated at a fixed commission not to exceed 10% on any payments made under the plan. 28 U.S.C. § 586. Ambiguity arises, however, as to what constitutes a "payment under the plan". Two Code provisions are at the heart of this ambiguity. Section 1225 which sets forth the requirements for plan confirmation, provides in relevant part:

(a) Except as provided in subjection (b) the court shall confirm the plan if— ...

(5) with respect to each allowed secured claim provided for by the plan—

...

(B)(ii) the value, as of the effective date of the plan, of property to be distributed by *the trustee or the debtor under the plan* on account of such claim is not less than the allowed amount of such claim.

11 U.S.C. § 1225(a)(5)(B)(ii) (emphasis added).

The other Code provision is section 1226 which provides:

(c) Except as otherwise provided in the plan or in the order confirming the plan, *the trustee shall make payments* to creditors *under the plan.*

11 U.S.C. § 1226(c) (emphasis added).

The Debtors believe it is these sections that authorize them to make direct payments under the respective plans to secured creditors whether impaired or unimpaired and thereby avoid the fee mandated by 28 U.S.C. § 586. Courts considering this issue are of two divergent views. The first line of cases, relying upon section 1225(a)(5)(B)(ii) as authority for direct payment by a debtor of impaired claims, hold that trustees fees cannot be calculated upon such payments. The leading authori-

ty for this view is *In re Erickson Partnership,* 77 B.R. 738 (Bankr.D.S.D.1987), *aff'd,* 83 B.R. 725 (D.S.D.1988), and is the case relied upon by the Debtors. The most recent case espousing this view is *In re Overholt,* 125 B.R. 202 (D.S.D.Ohio 1990), where the court, after a long discussion, concluded that sections 1225 and 586, when taken together allow for direct payment of impaired claims without payment of the trustee's fee.

There is another line of cases very critical of the *Erickson* approach believing the result is neither required by statute nor consistent with Congressional purpose. In the case of *Matter of Logemann,* 88 B.R. 938 (Bankr.S.D.Iowa 1988) the court opined that a likely result of the *Erickson* approach would be to deprive the Chapter 12 trustee's system of its funding source and also make it very difficult for the trustee to monitor plan compliance. *See also, Matter of Finkbine,* 94 B.R. 461 (Bankr.S.D.Ohio 1988)—concluding that any such arrangement would be inconsistent with the administrative scheme of the trustee program. *See also, In re Sutton,* 91 B.R. 184 (Bankr. M.D.Ga.1988). The common holding in these cases is that the trustee's fee is computed on all impaired claims regardless of who makes the disbursement. This has been the long standing position of the bankruptcy court in North Dakota. In the case of *In re Rott,* 73 B.R. 366 (Bankr. D.N.D.1987), this court, relying upon *In re Hagensack,* 73 B.R. 710 (Bankr.N.D.Iowa 1987), held that, subject to an agreement for different treatment, all payments to impaired creditors whether disbursed by the trustee or debtor, are considered to be payments under the plan and thereby subject to the trustee's percentage fee. These cases do not find either section 1225(a)(5)(B)(ii) or section 1226(c) as particularly authoritative for the proposition advanced by the Debtors. In their view the section 1225(a)(5)(B)(ii) reference to disbursements by a debtor merely recognizes that during case administration a debtor may have ongoing business transactions and, after the term of the plan is itself complete, will also be able to make direct payments. *Finkbine,* 94 B.R. at 465; *Logemann,* 88 B.R. at 940.

In *In re Fulkrod,* 126 B.R. 584 (Bankr. 9th Cir.1991), the Ninth Circuit Bankruptcy Appellate Panel held that the term "under the plan" as set forth in section 1226(c) typically means those payments which involve impaired claims and generally plans must be drafted to include trustee's fees on such payments. The Appellate Panel left open and indeed suggested, as do the instant Debtors, that a contrary plan provision might be permissible in some instances. This fee avoiding arrangement was also advanced by the court in *In re Overholt,* 125 B.R. at 211. *Fulkrod* found its way to the circuit and that court's decision is not only the most recent on the issue but being the only circuit decision, is the most authoritative. *In re Fulkrod,* 973 F.2d 801 (9th Cir.1992). In a fairly succinct opinion the circuit, noting that Congress clearly intended that the trustee play a significant role in Chapter 12 estate administration, said that avoiding payment of the trustee's fee by allowing a debtor to make direct payments to impaired creditors is hardly the result Congress intended. The court, following the analysis of *In re Finkbine, supra,* held that there is nothing in the language of sections 1225(a)(5)(B)(ii) or 1226(c) that either explicitly or implicitly authorizes a debtor to make direct payments on impaired claims and thereby avoid paying a trustee's fee. The court found 28 U.S.C. § 586 to be significant in its directive and stated further, in direct contradiction of the Bankruptcy Appellate Panel dicta, that any suggestion that a debtor might in some circumstances be able to make direct payments without paying the trustee's fee is not supported by statute. The 9th Circuit decision lays to rest any argument that a debtor whether by statute or plan terms, can avoid payment of a trustee's fee on impaired claims by making direct payment to creditors. Section 1225(a)(5)(B)(ii) and section 1226(c) authorize a Chapter 12 debtor to act merely as a disbursing agent in matters of routine ongoing business. It does not give the debtor authority to exclude from the plan a payment on an impaired claim. All payments

on impaired claims are payments "under the plan" and are subject to the trustee's fee mandated by 28 U.S.C. § 586, plan provisions notwithstanding.

Interpretation of the plan's provisions in a manner consistent with the Debtors' position would be contrary to Congressional intent and emasculate the trustee system.

Accordingly, the trustee's several motions to dismiss are GRANTED fifteen days from the date of entry of this order unless within said time period the fees due under 28 U.S.C. § 586 are paid.

SO ORDERED.