**In re Wayne and Lavonna WRUCK, Debtors.**

**Bankruptcy No. 93–30999.**

United States Bankruptcy Court,
D. North Dakota.

June 16, 1995.

Sheldon Smith, Bismarck, ND, for debtors.

Wayne Drewes, Trustee, Fargo, ND.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before the court arises by motions filed by the debtors, Wayne & Lavonna Wruck, on April 24 and May 25, 1995, pursuant to 11 U.S.C. § 1229(a). By their motions, the debtors are seeking to modify their second modified plan of reorganization (Plan) under Chapter 12 of the United States Bankruptcy Code in order to alter the manner by which the Plan is administered. The Plan, which was previously confirmed by this court on July 25, 1994, expressly provides that "[t]he Trustee shall be the disbursing agent for all modified claims."[1] The debtors, relying on the change that the decision of *Wagner v. Armstrong (In re Wagner)*, 36 F.3d 723 (8th Cir.1994) wrought on the law in this district, are seeking to avoid the payment of the statutorily prescribed trustee's fees by modifying their confirmed Plan in a fashion which would enable them, rather than the standing trustee, to serve as disbursing agent for Plan payments. The proposed modification would allow the debtors to assume direction and control over the administration of the Plan by authorizing them to make payments directly to those creditors whose claims have been modified under the Plan and, consistent with the holding in *Wagner*, thereby avoid the payment of the trustee's fees. Not surprisingly, both the Chapter 12 Standing Trustee and the United States Trustee (Trustee) object to the debtors' attempted modification. The Trustee contends that, pursuant to 11 U.S.C. § 1227, the debtor is bound by the terms of the confirmed Plan and is, moreover, precluded

---

1. The debtors' original plan and first modified plan of reorganization, filed on February 23, 1994, and May 9, 1994, respectively, each contain an identical provision.

by the doctrine of res judicata from altering the manner by which the Plan is being administered. The Trustee further asserts that § 1229(a) enumerates the only basis for modifying an already confirmed plan of reorganization.

The issue of whether Chapter 12 debtors may formulate plans of reorganization which allow them to bypass the trustee and make payments directly to secured creditors whose claims are modified under a Chapter 12 plan of reorganization and thereby avoid the standing trustee's percentage fee, sharply divides the courts. *Compare Michael v. Beard (In re Beard),* 45 F.3d 113 (6th Cir.1995) and *Wagner v. Armstrong (In re Wagner),* 36 F.3d 723 (8th Cir.1994) (allowing direct payments), *with Dunivent v. Schollett (In re Schollett),* 980 F.2d 639 (10th Cir.1992) and *Fulkrod v. Anabele Savage (In re Fulkrod),* 973 F.2d 801 (9th Cir.1992) (prohibiting direct payments). *See* George H. Singer, *Zeroing Out the Standing Trustee's Percentage Fee: The Eighth Circuit Approves "Outside the Plan" Payments for Chapter 12 Debtors,* 11 Norton Bankr.L.Adviser 7 (Nov. 1994) (for a comprehensive analysis of the issue of direct payments in avoidance of the standing trustee's statutory fee). The long-standing ruling of this court, and the state of the law in this district at the time the debtors in this case achieved confirmation of their Plan, had been that Chapter 12 debtors could not, in the face of an objection, avoid the payment of the standing trustee's percentage fee simply by acting as disbursing agent of the plan payments. *See, e.g., In re Oster,* 152 B.R. 960 (Bankr.D.N.D.1993); *In re Wagner,* 150 B.R. 753 (Bankr.D.N.D.1993); *In re Rott,* 73 B.R. 366 (Bankr.D.N.D.1987) (holding that the trustee's fees must be provided in connection with all payments to modified claimholders during the life of the plan regardless of whether the plan payments are disbursed by the debtor or the trustee). This court has never, however, ruled as a matter of law that Chapter 12 debtors could not act as disbursing agents for plan payments. *See id.* The relatively recent decision of the Court of Appeals for the Eighth Circuit in *Wagner v. Armstrong (In re Wagner),* 36 F.3d 723 (8th Cir.1994), decided some two months after the debtors in this case achieved confirmation of their Plan, affirmed the district court's reversal of this court's ruling. This court ruled in *Wagner* that, despite a provision in a confirmed plan to the contrary, Chapter 12 debtors could not avoid the payment of the Congressionally mandated trustee's fees. In reversing, the district court concluded that the plans in question expressly provided for direct payments in avoidance of the trustee's fees and confirmation bound the trustee to their terms. While the district court's holding was specifically limited to Chapter 12 plans which had *already* achieved confirmation, *see Wagner v. Armstrong,* 159 B.R. 268, 272 (D.N.D.1993) (finding the appellate tribunal's decision in *Fulkrod, supra,* to be the most satisfactory for resolving the issue in the context of whether a *proposed* plan should be confirmed, and concluding if the appeals involved a refusal of a bankruptcy court "to confirm a chapter 12 plan because it called for direct payments to be made by debtors to impaired secured creditors, the court may respond differently."), the court of appeals decision was not so constrained. Indeed, the Eighth Circuit expanded on the district court's ruling by concluding that Chapter 12 debtors may formulate plans of reorganization which authorize them to act as disbursing agents and essentially self-administer their plans by making payments directly to creditors whose claims have been modified by operation of Chapter 12 *and,* moreover, are not required to pay a fee to the standing trustee for any payments which are directly made. *In re Wagner,* 36 F.3d at 727–28. The circuit's holding significantly alters the state of the law in this district.

Now, armed with court's holding in *Wagner,* the debtors in this case are attempting to fundamentally alter the method by which their previously confirmed Plan is administered by modifying the Plan in order to remove the Chapter 12 standing trustee from his Plan-designated role as the disbursing agent for all payments on modified claims. By doing so, the debtors are attempting to retroactively apply the holding of the court of appeals in *Wagner* to a Plan which had already achieved confirmation *prior* to the court's pronouncement.

Section 1227 of the United States Bankruptcy Code makes the provisions of a confirmed Chapter 12 plan binding on both creditors and debtors. 11 U.S.C. § 1227(a). The confirmation of a plan of reorganization therefore operates as a final judgment and the traditional rules of res judicata become applicable and operate to bar the litigation of any matters that were necessarily determined by the confirmation order or those issues that *could have been decided* previously. *See In re Szostek*, 886 F.2d 1405 (3d Cir.1989); *In re Wrenn Ins. Agency*, 178 B.R. 792 (Bankr.W.D.Mo.1995); *In re Clark*, 172 B.R. 701 (Bankr.S.D.Ga.1994). *See also* 5 *Collier on Bankruptcy* ¶ 1227.01, at 1227–2 (Lawrence P. King et al. eds., 15th ed. 1995). As such, a debtor may not assert rights which are inconsistent with the provisions of a confirmed plan. A confirmed Chapter 12 plan has binding and preclusive effect due to the need for finality in establishing the rights and obligations of the various parties affected by a plan of reorganization. *In re Wickersheim*, 107 B.R. 177, 181 (Bankr.E.D.Wis. 1989); *In re Grogg Farms, Inc.*, 91 B.R. 482, 485 (Bankr.N.D.Ind.1988). The need for finality is not, however, in all cases paramount. Unanticipated changes in circumstances and unexpected problems associated with the implementation of a plan militate in favor of a certain degree of flexibility to the operation of § 1227 and the doctrine of res judicata. The framers of the Code recognized this need for flexibility and provided for it in § 1229.

11 U.S.C. § 1229(a) permits a Chapter 12 debtor to seek a postconfirmation modification of a plan of reorganization provided that the plan has not been fully consummated. A bankruptcy court should, however, generally approach the issue of postconfirmation modifications cautiously in light of the fact that such modifications cut against the grain of finality and may operate to frustrate the legitimate expectations of parties to the bankruptcy proceeding. *In re Grogg Farms, Inc.*, 91 B.R. at 484–85. *Accord* 5 *Norton Bankruptcy Law and Practice 2d* § 111:6, at 111–8–9 (1994). Moreover, the party proposing the modification bears the burden of establishing that the modification is proper. *In re Pearson*, 96 B.R. 990, 992 (Bankr.D.S.D.1989).

Code § 1229(a) provides the *only* avenue for postconfirmation plan modifications, *see Rowley v. Yarnall*, 22 F.3d 190, 194 (8th Cir.1994), and specifies the grounds on which modifications are permissible following confirmation. Modifications under § 1229 are not limitless. Rather, by the express terms of the statute, modifications to a Chapter 12 plan are only allowed in *three* limited circumstances. *In re Witkowski*, 16 F.3d 739, 745 (7th Cir.1994). A plan may be modified to—

> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> (2) extend or reduce the time for such payments; or
>
> (3) alter the amount of distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1229(a). *Cf. In re Dittmer*, 82 B.R. 1019 (Bankr.D.N.D.1988). The plain and unambiguous language of the statute clearly reveals that the modifications contemplated by § 1229(a) are those dealing with the *treatment* of claims provided for under a Chapter 12 plan. Section 1229(a) was *not* designed to furnish a vehicle by which debtors may effectuate a wholesale change in their plans. Nor was it designed to provide debtors with a means for redrafting their plans to accommodate changes every time the law changes by judicial decree or act of Congress. *See In re Klus*, 173 B.R. 51 (Bankr.D.Conn.1994) (precluding the modification of a confirmed plan that was attempting to provide for the retroactive application of the decision of the United States Supreme Court in *Nobelman v. American Sav. Bank*, —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993)). The modification the debtors in this case are seeking to effect, a change in the disbursing agent for all modified claims, would operate to fundamentally alter the method by which their Plan is currently being administered. Such a modification is neither contemplated nor countenanced by the express dictates of § 1229(a).

It is perhaps ironic that counsel for the debtors in this case now finds himself in the position of essentially arguing exactly the

opposite of what he successfully argued to the district court in the *Wagner* appeal with respect to the effect of confirmation: That the terms of a confirmed plan of reorganization are binding and a party can not, in the perhaps prophetic words of the district court in *Wagner,* "put milk back into the bottle" in order to undo what was, or could have been, conclusively resolved within the confines of the Plan. *See Wagner v. Armstrong,* 159 B.R. 268, 272 (D.N.D.1993), *aff'd,* 36 F.3d 723 (8th Cir.1994). *See also* Brief for Appellee, *Wagner v. Armstrong,* 36 F.3d 723, 727–28 (8th Cir.1994) (arguing that direct payments to creditors with modified claims in avoidance of the statutory percentage fee are permissible since the plan was already "confirmed" and, therefore, conclusively resolved the issue). As in *Wagner,* the milk in this case has already been spilt. The proposed modification does not fit within the statutorily-defined parameters of § 1229(a) and the debtors are, pursuant to § 1227 bound by the terms of their confirmed Plan. The court's conclusion is further buttressed by the fact that the debtors could have, pre-*Wagner,* designated themselves as disbursing agents when they formulated their Plan. As previously indicated, the holdings of this court did not stand as a per se rule which in all cases prohibited debtors from making direct payments but, rather, merely precluded them from avoiding the payment of the standing trustee's fees on payments made under the plan to modified claimholders irrespective of whom makes the payment. Res judicata therefore also precludes the debtors in this case from modifying the Plan in the manner proposed. *Accord In re Roesner,* 153 B.R. 328, 336 (Bankr.D.Kan.1993). *Contra In re Baldwin,* 97 B.R. 965, 969 (Bankr.N.D.Ind. 1989).

Accordingly, and for reasons stated, the motions of the debtors, Wayne and Lavonna Wruck, to modify their second modified plan are in all things **DENIED,** and the objections of the Chapter 12 Standing Trustee and the United States Trustee are **SUSTAINED.**

**SO ORDERED.**